```
              UNITED STATES DISTRICT COURT
            SOUTHERN DISTRICT OF WEST VIRGINIA

                       AT CHARLESTON
```

**RICHARD GRAVELY,**

       **Plaintiff,**

**v.**                              **Civil Action No. 2:12-5444**

**U.S. DEPARTMENT OF JUSTICE,**

       **Defendant.**


**MEMORANDUM OPINION AND ORDER**


**This action was previously referred to Mary E. Stanley, United States Magistrate Judge, who has submitted her Proposed Findings and Recommendation ("PF&R") pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B).**

**The court has reviewed the PF&R entered by the magistrate judge on September 28, 2012. The magistrate judge recommends that the court dismiss the complaint pursuant to 28 U.S.C.§ 1915A and for failure to state a plausible claim. The magistrate judge further recommends that the Application to Proceed Without Prepayment of Fees and Costs be denied.**

**On October 1, 2012, Mr. Gravely objected. He asserts that the warrant issued for his arrest was unsigned by the magistrate judge. That appears to be the case upon review of**

the arrest warrant found in the record. That fact, however, is immaterial. Pursuant to Brooks v. City of Winston-Salem, 85 F.3d 178 (4th Cir. 1996), Gravely's claim is nevertheless barred by the applicable two-year limitations period. In Brooks, the court of appeals addressed a similar situation. Brooks was arrested on charges of kidnapping, rape, and other sexual offenses on June 28, 1989. He protested his innocence. The charges were ultimately dismissed on February 18, 1991. On February 17, 1994, Brooks instituted an action pursuant to 42 U.S.C. § 1983 based upon the wrongful arrest and prosecution.

He claimed, inter alia, that he was illegally seized, namely, arrested, without probable cause in violation of the Fourth Amendment. Specifically, Brooks asserted that he was victimized by a warrantless arrest unsupported by probable cause. The court of appeals agreed that the claim was time barred:

> The magistrate judge apparently viewed Brooks' § 1983 complaint as alleging an unlawful warrantless arrest and held that such a claim accrued on the date of his arrest. We agree that this was the appropriate time of accrual of Brooks' claim to the extent that it charges a warrantless arrest unsupported by probable cause. There is no question that on the day of his arrest Brooks knew or should have known both of the injury resulting from his allegedly illegal seizure and who was responsible for any injury.

Id. at 182. The court of appeals specifically addressed, and rejected, the claim that Heck v. Humphrey, 512 U.S. 477 (1994),

dictated a different result. Id. at 182 ("We do not read Heck to compel a conclusion that all claims of unconstitutional seizure accrue only upon a termination of the criminal proceedings favorable to the § 1983 plaintiff. Heck did not purport to address the accrual of a § 1983 cause of action for damages resulting from actions that would not implicate the validity of a conviction or sentence.").

It is noteworthy that any defect in the warrant in Mr. Gravely's case was remedied no later than May 6, 1994, with the magistrate judge's finding of probable cause following the preliminary hearing. Inasmuch as that intervening finding of probable cause occurred, any warrant defect would not implicate the validity of Mr. Gravely's conviction or sentence. His claim thus accrued, if at all, in 1994 and is now barred.[1]

Having found Mr. Gravely's objections to lack merit, it is, accordingly, ORDERED as follows:

1. That the PF&R be, and it hereby is, adopted by the court and incorporated herein;

---

[1] It is also the case that Mr. Gravely cannot maintain this action against the named defendant. See FDIC v. Meyer, 510 U.S. 471, 484-86 (1994) (holding that a Bivens action is unavailable against agencies); Randall v. United States, 95 F.3d 339, 345 (4th Cir.1996) ("Any remedy under Bivens is against federal officials individually, not the federal government.").

3

2. That this action be, and it hereby is, dismissed with prejudice as frivolous and for failure to state a claim and the Application to Proceed Without Prepayment of Fees and Costs is denied; and

3. That this action be, and it hereby is, stricken from the docket.

The Clerk is directed to forward copies of this written opinion and order to the pro se plaintiff, all counsel of record, and the United States Magistrate Judge.

DATED: December 26, 2012

John T. Copenhaver, Jr.
United States District Judge